# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TALA JOSEPHANO, ) | |
| Plaintiff–Appellant, ) | No. 25-7148 |
| ) | |
| V. ) | |
| ) | |
| AMERICAN AIRLINES INC., and ) | |
| ) | |
| MICAH E. TICATCH, ) | |
| Defendants–Appellees. ) | |
| ) | |
| _____ ) | |

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

### A. Parties and Amici

The plaintiff below was Tala Josephano, appearing pro se. The defendants below were American Airlines Inc. and Micah E. Ticatch. All parties appear in this Court in the same capacities as in the District Court case No. 1:25-cv-00753-ACR. No amici curiae appeared below, and none are known at this time in this appeal.

Defendant American Airlines Inc. was represented by:

Edward Lee Isler, Isler Dare, P.C., 1945 Old Gallows Road, Suite 650, Vienna, VA 22182 (Lead Attorney); and Micah Ephram Ticatch, Isler Dare, P.C., 1945 Old Gallows Road, Suite 650, Vienna, VA 22182 (Lead Attorney). Defendant Micah E.

Ticatch was also represented by Edward Lee Isler of Isler Dare, P.C., at the same address listed above.

**B. Rulings Under Review**

Appellant seeks review of the Minute Order entered August 21, 2025, by the United States District Court for the District of Columbia (Hon. Ana C. Reyes, presiding), which:

(1) Denied Plaintiff's Motion to Reassign Case (D.D.C. Dkt. No. 3); and

(2) Denied Plaintiff's Motion for Recusal (D.D.C. Dkt. No. 9).

This motion arose after the Clerk's Office administratively reassigned the case on March 20, 2025, from Judge Reggie B. Walton to Judge Ana C. Reyes as a "related case." Although the complaint was filed in person on March 14, 2025, it did not appear on the public docket for six days and was docketed only after Plaintiff contacted the Clerk's Office multiple times to complain about the delay. Appellant later learned that the reassignment had been requested by Mr. Paterson, the same case manager assigned to another matter, *Ayyash et al. v. American Airlines Inc.*, No. 1:24-cv-03434 (D.D.C.), in which the plaintiffs had requested his removal on March 18, 2025 (D.D.C. Dkt. Nos. 30, 31), for alleged misconduct and negligence favoring the defendants. These events occurred before docketing of this case (No. 1:25-cv-00753) and followed multiple complaints submitted to the Intake Manager.

During the *Ayyash* hearing on March 28, 2025, Judge Reyes (a) declared that Appellant's separate complaint "has no basis"deciding on the merits after one minute of looking at the plausible pleading; (b) purported to "serve" defense counsel from the bench in a different proceeding; and (c) directed defense motion practice before obtaining jurisdiction and proper joinder. During the same hearing, the court told Appellant that if she contacted the police, "it will go absolutely nowhere," and further warned, "I have all the power in the world to impose" sanctions. These remarks, made while Appellant was attempting to report what she believed to be crime and judicial interference, fraud upon court by Appellees and, went beyond judicial management and into the realm of personal judgment about Appellant's credibility. They discouraged her from exercising legal rights and created a reasonable appearance of bias requiring recusal under 28 U.S.C. § 455(a), as well as raising serious due process concerns.

These circumstances prompted Appellant's Motion to Reassign, filed on June 10, 2025, which the court ( Judge Ana Reyes ) did not address for nearly two months. Defendant then filed a Motion to Dismiss on June 20, 2025, but the court took no action until August 5, 2025, when it issued a *Fox/Neal* Order.  On August 20, 2025, Plaintiff filed a Motion for Recusal accompanied by a declaration. The next day, on August 21, 2025, the Court denied Plaintiff's Motions for Reassignment and Recusal, stating that related cases are assigned under LCvR 40.5(a) and (c), and

that Plaintiff had identified no circumstances requiring disqualification under 28 U.S.C. § 455. On August 29, 2025, Plaintiff filed a Motion for Election to Stand and Preserve Appellate Records and Appellate Rights. Following those denials, the same judge entered a Minute Order on September 2, 2025, granting Defendants' Motion to Dismiss after finding that Plaintiff's Notice of Election to Stand on Complaint (D.D.C. Dkt. No. 11) constituted a refusal to comply with the earlier *Fox/Neal* Order. The Court deemed the motion's arguments conceded and dismissed the case for Plaintiff's failure to prosecute, failure to comply with the *Fox/Neal* Order, and failure to adhere to the Federal Rules of Civil Procedure.

Appellant seeks reversal of the August 21, 2025 order denying reassignment and recusal, and requests that the Court of Appeals vacate the subsequent September 2, 2025 dismissal and remand the case for reassignment to a different district judge, with leave to amend the complaint.

### C. Related Case: *Ayyash et al. v. American Airlines Inc. et al*, No. 1:24-cv-03434 (D.D.C.)

The case on review has not been before this Court. "Any other related cases" means any case involving substantially the same parties and the same or similar issues. The District Court administratively ( Appellant believes it was intentional) reassigned this action to Judge Ana C. Reyes as "related" to *Ayyash et al. v.*

*American Airlines Inc.*, No. 1:24-cv-03434 (D.D.C.). The cases are not related within the meaning of that rule.

### 1. Substantially the Same Parties

The *Ayyash* matter involved three plaintiffs—Ayyash, Josephano, and Hindi—asserting negligence per se and fraud claims against American Airlines concerning alleged corporate and operational misconduct. The present case involves only one plaintiff, Tala Josephano, proceeding pro se, against American Airlines Inc. and its counsel, Micah E. Ticatch, arising from personal interactions between Appellant and defense counsel during and after the *Ayyash* proceedings. Because the defendants and the posture of the parties differ, the parties are not "substantially the same."

### 2. The Same or Similar Issues

The *Ayyash* action concerned allegations of airline negligence and fraud relating to aviation operations. This case, by contrast, arises from the Appellant's individual claims regarding counsel's conduct and the court's subsequent handling of related proceedings. During the *Ayyash* hearing of March 28, 2025, Judge Reyes stated on the record that she was "serving" American Airlines' counsel, Micah E. Ticatch, on Appellant's behalf in this separate action—a procedurally unusual step that effectively intertwined the two matters but did not create overlapping factual or legal issues. Therefore, the two cases do not involve the same or similar issues

under Local Civil Rule 40.5. Accordingly, *Ayyash v. American Airlines Inc.* and the present action are not related within the meaning of D.C. Circuit Rule 28(a)(1)(C), and their administrative linkage as "related" in the district court was erroneous.

### D. Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Appellant states that she is an individual appearing pro se and has no parent corporation or publicly held corporation that owns 10 percent or more of her interests. Defendant American Airlines Inc. filed a Corporate Disclosure Statement in the District Court identifying its parent company, American Airlines Group Inc., a publicly traded corporation  Defendant Micah E. Ticatch is an individual attorney and has no corporate parent.

**Dated:** Nov 1st, 2025

**Respectfully submitted**

**Tala Josephano  Pro Se Appellant**

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980

## CERTIFICATE OF SERVICE

I hereby certify that on Nov 1st 2025, I caused a true and correct copy of the foregoing Certificate as to Parties, Rulings, and Related Cases to be served by First Class U.S. Mail, postage prepaid, addressed as follows:

1. Edward Lee Isler Counsel for *American Airlines Inc.* and *Micah E. Ticatch* Isler Dare, P.C. 1945 Old Gallows Road, Suite 650 Vienna, VA 22182 2. Micah Ephram Ticatch Counsel for *American Airlines Inc.* Isler Dare, P.C. 1945 Old Gallows Road, Suite 650 Vienna, VA 22182

Dated: Nov 1st, 2025

Respectfully submitted,

Tala Josephano  Pro Se Appellant

*/s/ Tala Josephano*

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980