IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TALA JOSEPHANO, <br> Plaintiff–Appellant, | ) <br> )    No. 25-7148 |
| V. | ) |
| AMERICAN AIRLINES INC., and | ) |
| MICAH E. TICATCH, <br> Defendants–Appellees. | ) <br> ) |
| _____ | ) |

**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

**Issue 1: Recusal of District Judge Due to Former Firm's Representation of Appellee**

Under 28 U.S.C. § 455(a), the Code of Judicial Conduct, and the Fifth Amendment's guarantee of a neutral tribunal, a judge must recuse herself whenever her impartiality might reasonably be questioned, to preserve public confidence in the judiciary. Here, the District Judge presided over a case involving Appellee American Airlines while her former firm continued to represent Appellee through an industry association. Did her failure to reassign or recuse sua sponte violate § 455(a), the Code of Judicial Conduct, and due-process principles under Liljeberg v. Health Services Acquisition Corp.,

486 U.S. 847 (1988), thereby constituting reversible error warranting vacatur and reassignment on remand?

**Issue 2— Judicial Intervention in Service of Process: Legal Error, Abuse of Discretion, and Due Process Violation**

Under Federal Rule of Civil Procedure 4(c)(1), service of process is the Plaintiff's responsibility, not the court's, and judicial intervention in that function exceeds judicial authority. Here, the District Judge personally attempted service of process on Appellees' counsel in an unrelated Pre conference hearing, for the apparent purpose of expediting dismissal. Did that conduct constitute legal error, abuse of discretion, and a denial of due process, thereby warranting reversal, remand, and reassignment?

**Issue 3 — Judicial Bias and Appearance of Impropriety: Violation of § 455(a), the Canons, *Liljeberg*, and Due Process Requiring Recusal or Reassignment**

Whether the District Judge's personal involvement in directing service of process on Appellees' counsel created a reasonable question regarding her impartiality, thereby violating 28 U.S.C. § 455(a), Canons 2 and 3C(1), and due-process principles under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), and *In re Murchison*, 349 U.S. 133 (1955), requiring the District Judge to recuse herself and reassign the case, and this Court on appeal to reverse or vacate, remand, and order reassignment.

## Issue 4- Premature Judicial Engagement on the Merits Before Personal Jurisdiction and Mandatory Joinder of All Parties Attached: Legal Error and Denial of Due Process

Whether the District Judge's engagement on the merits before the court obtained personal jurisdiction over all parties and before service and mandatory joinder of necessary parties was completed in a Pre conference hearing for another case violated the requirements under Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), and whether such premature judicial action constituted reversible legal error and a denial of due process under the Fifth Amendment's guarantee of a neutral tribunal, requiring de novo review, vacatur, and reassignment.

## Issue 5- Judicial Overreach and Appearance of Bias: Abuse of Discretion and Denial of Due Process

Under 28 U.S.C. § 455(a), Canons 2 and 3C(1) and the Fifth Amendment's guarantee of a neutral tribunal, a judge must avoid ex parte engagement or premature consideration of the merits that creates an appearance of bias or prejudgment. Here, the District Judge engaged defense counsel ( one party) ex parte before personal jurisdiction attached. Did that conduct constitute an abuse of discretion and a denial of due process under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), and *In re Murchison*, 349 U.S. 133 (1955), requiring the judge to recuse or reassign the case—and this Court to reverse, remand, and reassign?

**Issue 6— Judicial Intimidation and Abuse of Discretion: Violation of Canons 2A and 3A(3)**

Under Canons 2A and 3A(3) and the Fifth Amendment's guarantee of a neutral tribunal, a judge must act with dignity and impartiality and avoid conduct suggesting bias or hostility. Here, the District Judge threatened sanctions and made demeaning intimidating remarks to a pro se litigant, asserting she "had all the power in the world." Did that intimidation and departure from judicial impartiality constitute an abuse of discretion and a denial of due process under *Liteky v. United States*, 510 U.S. 540 (1994), requiring reversal, remand, and reassignment?

**Issue 7 — Misapplication of Local Civil Rule 40.5: Legal Error (De Novo) and Abuse of Discretion**

Whether the district court misapplied Local Civil Rule 40.5(a)–(c) by designating this case as "related" to *Ayyash v. American Airlines Inc.* despite distinct parties, facts, and claims, thereby committing legal error subject to de novo review and abusing its discretion in accepting that misdesignation. Did this improper related-case assignment by Case manager accused of misconduct deprived the pro se litigant of random judicial assignment and violate the Fifth Amendment's guarantee of a neutral and impartial tribunal, requiring vacatur and reassignment to preserve due process?

## Issue 8 — Legal Error in Denying Reassignment Under Local Civil Rule 40: Violation of Due Process (De Novo Review)

Whether the District Judge's denial of the motion for reassignment, based on an erroneous application of Local Civil Rule 40, constituted legal error and deprived the pro se litigant of the right to a neutral and randomly assigned tribunal under the Fifth Amendment's due-process guarantee; and whether that misapplication of Rule 40, in light of the appearance of impropriety surrounding reassignment, requires vacatur, remand, and reassignment.

## Issue 9 — Abuse of Discretion and Appearance of Impartiality in Accepting Reassignment: Violation of Canon Code and Due Process

Whether the District Judge's acceptance of a case reassigned to her—despite prior involvement or circumstances creating a reasonable question about her impartiality—constituted an abuse of discretion and a violation of Canons 2 and 3C(1) of the Code of Conduct for United States Judges and the Fifth Amendment's guarantee of a neutral tribunal; and whether her failure to decline reassignment or recuse herself required reversal, remand, and reassignment under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), and *In re Murchison*, 349 U.S. 133 (1955).

### Issue 10- Failure to Provide Rule 73(b) Magistrate Consent Form: Legal Error and Abuse of Discretion

Whether the Clerk's Office's failure to issue the Rule 73(b)(1) consent-or-refusal form, and the presiding judge's failure to ensure compliance raising appearance of bias, denied the pro se litigant her statutory right to choose or decline magistrate-judge jurisdiction, constituting legal error and abuse of discretion that violated procedural fairness and the Fifth Amendment's due-process guarantee and raising suspicious in maintaining any case against Appelles, requiring vacatur and remand for proper notice and consent under Rule 73(b).

### Issue 11 — Appearance of Bias, Legal Error (De Novo), and Abuse of Discretion in Accepting Reassignment and Denying Motion for Reassignment

Whether the District Judge's decision to accept reassignment of this case and deny a motion for reassignment—despite prior conduct in another matter (No. 1:24-cv-03434) creating an appearance of bias—violated 28 U.S.C. § 455(a), Canons 2 and 3(c)(1) and the Fifth Amendment's guarantee of a neutral tribunal, thereby constituting legal error subject to de novo review or, alternatively, an abuse of discretion under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), requiring reversal, remand, and reassignment.

### Issue 12 — Appearance of Bias and Denial of Fair Proceeding Following Reassignment Denial: Legal Error and Abuse of Discretion

Whether the District Judge's decision to deny reassignment only after Defendants moved to dismiss and Appellant sought recusal, thereby appearing to retain control of the case despite questioned impartiality, violated 28 U.S.C. § 455(a) and Canons 2 and 3C(1); and whether that conduct created an appearance of bias and denied the pro se litigant the fair and impartial proceeding guaranteed by the Fifth Amendment's Due Process Clause, as recognized in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), requiring the appellate court to reverse, remand, and reassign.

### Issue 13 — Delay in Acting on Motion to Reassign: Abuse of Discretion and Denial of Due Process

Under 28 U.S.C. § 455(a), United States v. Microsoft Corp., 253 F.3d 34 (D.C. Cir. 2001), and Canons 2 and 3C(1), a judge must act promptly on motions for reassignment or recusal to avoid the appearance of bias and maintain public confidence in judicial integrity. Here, the District Judge delayed ruling for two months and only after Defendants' dispositive motion and issuing an order in the *Fox Neal* case—and then denied reassignment, creating an appearance of bias that required reassignment or recusal. Did that delay and subsequent denial constitute the appearance of bias, abuse of discretion and a denial of due process under §

455(a), the Canon code, and *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001), requiring reversal, remand, and reassignment?

**Issue 14 — Denial of Recusal as Legal Error or Abuse of Discretion**

Under 28 U.S.C. § 455(a) and Canons 2 and 3C(1) the District Judge denied Appellant's motion for recusal without applying the objective test for whether her impartiality might reasonably be questioned. Did that denial constitute legal error subject to de novo review, or alternatively an abuse of discretion violating the Fifth Amendment's guarantee of due process under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), requiring reversal, remand, and reassignment?

**Issue 15 — Cumulative Judicial Misconduct, Due Process Violations, and Appearance of Bias Requiring Reassignment**

Whether, under de novo review, the District Judge's cumulative conduct—including threats, service, hostility, intimidation, and bias toward a pro se litigant, combined with denial of recusal and reassignment motions—violated 28 U.S.C. § 455(a), Canons 2 and 3, and the Fifth Amendment's guarantee of a neutral tribunal. Whether this pattern of misconduct and fundamental fairness violations caused structural due-process error warranting vacatur of all affected rulings and reassignment to preserve public confidence, consistent with *Liljeberg v. Health*

*Services Acquisition Corp.*, 486 U.S. 847 (1988), and *In re Murchison*, 349 U.S. 133 (1955).

**Issue 16- Abuse of Discretion in Refusing to Recuse or Reassign Leading to Dismissal: Cumulative Legal Errors, Due Process Violations, and Appearance of Bias or Conflict of Interest**

Whether the District Judge abused her discretion by refusing to recuse or reassign the case despite cumulative legal errors, violations of the Fifth Amendment's due process guarantee to a neutral tribunal, and an appearance of bias or conflict of interest that reasonably questioned her impartiality, such that the denial tainted the fairness of the proceedings and led to dismissal, thereby requiring reversal, remand, and reassignment under 28 U.S.C. § 455(a), the Code of Conduct for United States Judges, and *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

Dated: Nov 1, 2025

Respectfully submitted

Tala Josephano  Pro Se Appellant

*/s/ TJ*

Tala Josephano
1876 PCH
Lomita, CA 90717
(347)749-4980

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of Nov 2025, I caused a true and correct copy of the foregoing Statement Of Issues to be served by First Class U.S. Mail, postage prepaid, addressed as follows:

1. Edward Lee Isler Counsel for *American Airlines Inc.* and *Micah E. Ticatch* Isler Dare, P.C.  1945 Old Gallows Road, Suite 650  Vienna, VA 22182  2. Micah Ephram Ticatch Counsel for *American Airlines Inc.* Isler Dare, P.C. 1945 Old Gallows Road, Suite 650 Vienna, VA 22182

Dated: Nov 1st, 2025

Respectfully submitted,

Tala Josephano  Pro Se Appellant

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980

FedEx Express

UNITED STATES US
TO DISTRICT OF COLUMBIA
CIRCUIT COURT OF APPEALS CLERK
333 CONSTITUTION AVENUE NORTHWEST
WASHINGTON DC 20001
(202) 216-7300   REF:

TRK# 8856 7377 6820
SA TSGA

TUE – 04 NOV 5:00P
** 2DAY **
20001
DC-US   IAD

686-5035

Recycle me