IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TALA JOSEPHANO ) | |
| ) | |
|    Appellant, ) | |
| ) | |
| v. ) | No.  25-7148 |
| ) | |
| AMERICAN AIRLINES, INC., et al., ) | |
| ) | |
|    Appellees. ) | |
| ) | |

## APPELLEES' MOTION FOR SUMMARY AFFIRMANCE

Appellees American Airlines, Inc. ("American Airlines") and Micah E. Ticatch (collectively "Defendants"), respectfully move for summary affirmance of the District Court's Orders: (i) granting Defendants' Motion to Dismiss; (ii) denying Appellant Tala Josephano's Motion Request Reassigining [sic] of Case 1:25-Cv-00753 to Another Federal Judge; and (iii) denying Ms. Josephano's Motion For Recusal of Judge Ana C. Reyes.

Because the "merits of this appeal are so clear as to make summary affirmance proper," and "no benefit will be gained from further briefing and argument of the issues presented," summary affirmance is warranted. *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir. 1980);

1

*Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987).

## BACKGROUND

**A.    The *Ayyash* Matter.**

1.    Prior to the initiation of the instant matter, Ms. Josephano was one of three plaintiffs in an action against American Airlines in the same District Court where the instant matter originated, *Ayyash v. American Airlines, et al.*, Case No. 1:24-cv-3434-ACR (D.D.C. 2024) ("*Ayyash*"). The Hon. Ana C. Reyes presided over the *Ayyash* matter throughout its time at the District Court.

2.    Mr. Ticatch is Counsel to American Airlines in the *Ayyash* matter. On February 12, 2025, on behalf of American Airlines, Mr. Ticatch timely filed a Notice of Appearance, Corporate Disclosure, and Motion to Dismiss (collectively, the "Initial *Ayyash* Responsive Pleadings") on behalf of American Airlines. (*Ayyash* Dist. Ct. Dkt. 6-8.)

3.    Because Ms. Josephano was a registered user of the District Court's electronic filing system (*Id.*, Dkt. 3) service of the Initial *Ayyash* Responsive Pleadings was complete upon American Airlines' filing of those documents with the District Court. *See* Fed R. Civ. Proc. 5(b)(2)(E).

4. The Initial *Ayyash* Responsive Pleadings contained certificates of service that stated Ms. Josephano would also be served by electronic mail. (*Ayyash* Dist. Ct. Dkt. 6-8.) Mr. Ticatch attempted to serve Ms. Josephano by email on the same day as the filing,[1] and did serve an additional copy of the pleadings on Ms. Josephano through first-class mail on the following day, February 13, 2025.

5. Subsequently, Ms. Josephano and her co-plaintiffs filed numerous motions in the *Ayyash* matter claiming that they were entitled to default judgment because, among other reasons, they were not timely served with American Airlines' initial pleadings. (*See Ayyash* Dist. Ct. Dkt. 17, 19, and 27.)

6. On March 28, 2025, the District Court held a hearing and (i) denied each of the *Ayyash* plaintiffs' motions; and (ii) established a briefing schedule requiring American Airlines to refile a limited Motion to Dismiss and giving the *Ayyash* plaintiffs an extended time to respond after that refiling. (*Ayyash*, March 28, 2025 Minute Order.) Because the *Ayyash* plaintiffs were never required to respond to American Airlines'

---

[1] According to the Complaint in the instant matter, the email address in the certificates of service contained a typographical error.

3

Initial *Ayyash* Responsive Pleadings, they could not have suffered any prejudice *even if* they could somehow demonstrate they did not receive timely service of American Airlines' filings.

B.   The *Josephano* Matter

7.   On March 14, 2025, Ms. Josephano filed the instant action against American Airlines and its Counsel, Micah Ticatch, asserting claims of fraud and abuse of process against both Defendants based on allegations that the certificates of service in the Initial *Ayyash* Responsive Pleadings, and subsequent discussions about those certificates between her and Counsel, were incorrect. (*Josephano* Dist. Ct. Dkt. 1.) The *Josephano* matter was initially randomly assigned to Judge Walton.

8.   Under the District Court's Local Rule 40.5(a)(3), "a case filed by a *pro se* litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case." Because when the *Josephano* matter was filed, the *Ayyash* matter (in which Ms. Josephano was a co-plaintiff) remained pending before Judge Reyes, the District Court reassigned the *Josephano* case to Judge Reyes on March 20, 2025. (*See id.,* Dkt. 2.)

4

9. On June 10, 2025, Ms. Josephano filed her Motion Request Reassigining [sic] Of Case 1:25-Cv-00753 To Another Federal Judge ("Motion to Reassign"), which sought "reassignment" of the matter back to Judge Walton, but also stated that the Motion was "not a request for recusal." (*Id.*, Dkt. 3 at 1.)

10. On June 20, 2025, Defendant filed a Motion to Dismiss under Fed. R. Civ. Proc. 12(b)(6) on the grounds that: (i) the claims were barred by the absolute judicial proceedings privilege; (ii) the claims were barred by the claim-splitting doctrine; and (iii) Ms. Josephano had failed to adequately plead the elements of any of the three claims asserted. (*Id.*, Dkt. 7.)

11. Under the District Court's Local Rule 7(b), Ms. Josephano's opposition brief to the Motion to Dismiss was due on July 7, 2025. The Local Rule provides, "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."

12. Ms. Josephano did not file a timely opposition to the Motion to Dismiss.

13. On August 5, 2025, the District Court issued a *Fox/Neal* Order. (*Id.* Dkt. 8.) Among other things, that Order stated:

5

> The Court hereby advises Plaintiff of her obligations under the Federal Rules of Civil Procedure and the Local Civil Rules. If Plaintiff fails to submit a memorandum responding to Defendants' Motion, the Court may treat the Motion as conceded, grant the Motion, and dismiss Plaintiff's case. Or the Court may rule on the Motion while considering only Defendants' arguments.
>
> Accordingly, the Court hereby **ORDERS** Plaintiff to respond to Defendants' Motion on or before **August 20, 2025**. The Court reiterates that if Plaintiff fails to respond by that date, the Court may treat the Motion as conceded and grant it on that basis.
>
> **SO ORDERED.**

14. By giving Ms. Josephano until August 20, 2025, the Court effectively gave her two full months to draft and file an opposition brief, rather than the standard two weeks.

15. Despite the warnings present in the *Fox/Neal* Order, Ms. Josephano did not file an opposition brief by the stated deadline. Instead, on August 20, 2025, Ms. Josephano filed a Motion For Recusal of Judge Ana C. Reyes ("Motion for Recusal"), arguing that Judge Reyes should be disqualified. (*Id*. Dkt. 9.)

16. On August 21, 2025, the District Court denied Ms. Josephano's Motion to Reassign and Recusal Motion by Minute Order ("Recusal Order") stating:

6

> Docket Text:
> MINUTE ORDER denying [3] Motion to Reassign Case; denying [9] Motion for Recusal. The Court DENIES [3] Motion to Reassign Case because related cases are assigned according to LCvR 40.5(a), (c), and because Plaintiff identifies no circumstances requiring disqualification under 28 U.S.C. § 455. The Court DENIES [9] Motion for Recusal for the same reasons. Signed by Judge Ana C. Reyes on 08/21/2025. (lcacr2)

17. On August 29, 2025, Ms. Josephano filed a further pleading entitled "Plaintiff's Notice of Election to Stand on Complaint and Preservation of Appellate Rights." (*Id.* Dkt. 11.) In that document, Ms. Josephano indicated she would "stand on the Complaint as filed" and "not submit further briefing" on the pending Motion to Dismiss. (*Id.* at 1.) The remainder of the document is dedicated to rehashing Ms. Josephano's already rejected arguments that Judge Reyes should have been disqualified from presiding over the case. (*Id.*) Ms. Josephano's late filing did not substantively address any of the arguments made by Defendants in their Motion to Dismiss. (*Id.*)

18. On September 2, 2025, the District Court granted Defendants' Motion to Dismiss by Minute Order (the "Dismissal Order") stating:

> **Docket Text:**
> MINUTE ORDER granting [7] Motion to Dismiss. In its [8] Fox/Neal Order, the Court notified Plaintiff of her obligation to respond to Defendants' Motion to Dismiss and informed Plaintiff that failure to file a timely response would result in dismissal of her claims. In light of Plaintiff's [11] Notice in which Plaintiff indicated her refusal to comply with the Fox/Neal Order and to respond to the Motion to Dismiss, the Court deems the arguments in the Motion to Dismiss conceded.
>
> The Court therefore GRANTS the Motion to Dismiss. The Court further DISMISSES this case for Plaintiff's failure to prosecute, failure to comply with this Court's Fox/Neal Order, and failure to adhere to the Federal Rules of Civil Procedure. The Court DIRECTS the Clerk of the Court to terminate this case. Signed by Judge Ana C. Reyes on 09/02/2025. (lcacr2)

19. Plaintiff has appealed both the Recusal Order and the Dismissal Order. Because the District Court was clearly correct in both rulings, this Court should affirm summarily.

## ARGUMENT

### I. The District Court Did Not Abuse Its Discretion in Denying the Motion to Reassign or the Motion for Recusal.

The District Court correctly denied both the Motion to Reassign and the Motion for Recusal.

As noted above, the District Court's Local Rule 40.5(a)(3) governs the judicial assignment when a *pro se* litigant initiates a new lawsuit while the litigant already has a separate suit pending. In such circumstances, the same judge presiding over the first suit is assigned to

8

the second suit. This Court routinely permits enforcement of the District Court's local docket-management rules and reviews their application for abuse of discretion. *See, e.g., Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Because Judge Reyes was then presiding over the *Ayyash* matter, the reassignment of the *Josephano* matter to that same judge was consistent with the local rule and entirely proper. *See, e.g., Jarvis v. United States Dep't of Hous. & Urb. Dev.,* No. 18-5127, 2018 WL 5115539, at *1 (D.C. Cir. Oct. 12, 2018).

Ms. Josephano's request to recuse Judge Reyes under 28 U.S.C. § 455 was equally without merit. In order to prevail on a recusal motion, a party must demonstrate "a reasonable and informed observer would question the judge's impartiality." *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004). In support of her Motion for Recusal, Ms. Josephano pointed to: (i) Judge Reyes' prior rulings in *Ayyash*; (ii) Ms. Josephano's prior threats to bring claims against Judge Reyes and her staff; and (iii) the fact that prior to assuming the bench, Judge Reyes had worked for the law firm Williams & Connolly, which Ms. Josephano alleges had previously represented American Airlines.

9

First, a trial judge's rulings "almost never constitute a valid basis for a bias or partiality motion." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 551, 555 (1994)). The fact that Judge Reyes ruled against Ms. Josephano in *Ayyash* is not a basis for recusal. Likewise, a plaintiff is not permitted to judge-shop by naming a judge a defendant in a lawsuit. *See, e.g., Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited Child.*, No. CIV.A. 03-120 (RWR), 2005 WL 736526, at *16 (D.D.C. Mar. 31, 2005), *aff'd*, No. 05-5130, 2005 WL 3843612 (D.C. Cir. Oct. 14, 2005). If a party cannot force recusal by initiating action against a judge, it certainly cannot do so by merely threatening claims against a judge. Lastly, "a judge's prior affiliation with an entity or persons appearing in a case does not alone constitute a reasonable basis for an objective observer to question the judge's impartiality." *Richardson v. D.C. Bar Ass'n*, No. 97-7051, 1997 WL 404321, at *1 (D.C. Cir. June 30, 1997). The fact that Judge Reyes was previously a member of a large law firm in which some other attorneys represented American Airlines in some unrelated matters is clearly not a basis for recusal. *See, e.g., Philip Morris USA Inc. v. United States Food & Drug Admin.*, 156 F. Supp. 3d 36, 50 (D.D.C. 2016).

Given the above, it is clear that the District Court did not abuse its discretion in denying the Motion to Reassign and the Motion for Recusal. The Recusal Order should be summarily affirmed. *See, e.g., Zhao v. Li*, No. 22-7138, 2023 WL 5159775, at *2 (D.C. Cir. Aug. 10, 2023) (summarily affirming, *inter alia*, denial of recusal motion); *Bush v. United States Dep't of Agric.*, No. 21-5267, 2022 WL 1701528, at *1 (D.C. Cir. May 25, 2022) (same); *Mack v. Georgetown Univ.*, No. 17-7139, 2018 WL 3156846, at *1 (D.C. Cir. May 24, 2018) (same).

## II.   The District Court Did Not Abuse Its Discretion in Granting the Motion to Dismiss as Conceded.

Under the District Court's Local Rule 7(b), when a party files a motion to dismiss, the plaintiff is required to file a memorandum in opposition within 14 days. "If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded." *Id.*

This Court has repeatedly upheld the District Court's enforcement of Rule 7(b) and affirmed the granting of dispositive motions when a plaintiff fails to timely oppose. *See, e.g., Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004); *Nelson v. Bernhardt*, No. 19-5282, 2020 WL 6038707, at *1 (D.C. Cir. Aug. 28, 2020) (granting motion for summary affirmance); *Brown v. JPMorgan Chase Bank, N.A.*, No. 19-

11

7050, 2019 WL 6218800, at *1 (D.C. Cir. Nov. 15, 2019) (same); *Rice v. Holder*, No. 13-5078, 2013 WL 6009484, at *1 (D.C. Cir. Oct. 16, 2013) (same); *see also Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating [a] motion as conceded, we honor its enforcement of the rule").

In this case, Ms. Josephano initially failed to timely oppose the Motion to Dismiss on the timeline required under Rule 7(b), which required a timely response by July 7, 2025. Nearly a month after that deadline passed, the District Court effectively granted Ms. Josephano an extension by ordering her to respond on or before August 20, 2025. (*Josephano* Dist. Ct. Dkt. 8.) Twice in the District Court's Order, the Court specifically stated that if Ms. Josephano failed to respond by the extended deadline, "the Court may treat the Motion as conceded and grant it on that basis." (*Id.*)

Despite those warnings, Ms. Josephano did not respond by the August 20, 2025 deadline. Instead, on August 29, 2025, Ms. Josephano filed a "Notice" specifically responding to the Court's *Fox/Neal* Order, in which she reemphasized the arguments made in her Motion for Recusal

12

and indicated she did not intend to file a substantive opposition to Defendants' Motion to Dismiss. (*See Josephano* Dist. Ct. Dkt. 11 at 1.)

Given her failure to file a substantive opposition as the District Court ordered her to do, the District Court was fully justified in holding that the Motion to Dismiss was conceded. Because that holding could not be deemed an abuse of discretion, this Court should summarily affirm the Dismissal Order.

Moreover, *even if* Ms. Josephano had not conceded the Motion to Dismiss, dismissal was clearly warranted. Among other things, because all of Ms. Josephano's claims were premised on filings and statements made by Counsel in the *Ayyash* matter, the claims were all clearly barred by the judicial proceedings privilege, which provides an <u>absolute privilege</u> for any statement made by an attorney in the course of a judicial proceeding. *See, e.g., Robertson v. Cartinhour*, 867 F. Supp. 2d 37, 52 (D.D.C. 2012), *aff'd*, 553 F. App'x 1 (D.C. Cir. 2014); *McNair Builders, Inc. v. Taylor*, 3 A.3d 1132, 1135 n. 1 (D.C. 2010); *Ginsberg v. Granados*, 963 A.2d 1134, 1140 (D.C. 2009). Consequently, this Court can summarily affirm on this basis as well.

## CONCLUSION

For the foregoing reasons, this Court should summarily affirm the District Court's orders denying Ms. Josephano's requests for recusal and dismissing the case.

Dated: November 20, 2025

Respectfully submitted,

/s/ Edward Lee Isler
Edward Lee Isler
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
eisler@islerdare.com

*Counsel for Micah E. Ticatch and American Airlines Inc.*

/s/ Micah E. Ticatch
Micah E. Ticatch
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for American Airlines Inc.*

## CERTIFICATE OF COMPLIANCE

1.　This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because this motion contains 2,303 words.

2.　This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen-point, Century Schoolbook.

　　　/s/ Edward Lee Isler
Edward Lee Isler
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
eisler@islerdare.com

*Counsel for Micah E. Ticatch and American Airlines Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November 2025 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system, which will serve an electronic copy on all counsel of record. I will also serve a copy of the foregoing via first class mail upon the following:

>Tala Josephano
>1876 Pacific Coast Highway
>Lomita, CA 90717
>*Pro Se Plaintiff*

>   /s/ Edward Lee Isler
>Edward Lee Isler
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>eisler@islerdare.com
>
>*Counsel for Micah E. Ticatch and American Airlines Inc.*