# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 25-7148**  **September Term, 2025**

1:25-cv-00753-ACR

Filed On: January 15, 2026

Tala Josephano,

    Appellant

    v.

American Airlines, Inc. and Micah E. Ticatch,

    Appellees

    **BEFORE:**    Millett, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance and the response thereto, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). First, under any standard of review, appellant has not shown that the assignment of two of her cases to the same judge, which is proper under Local Civil Rule 40.5, raises an appearance of impropriety. See District Court Local Civil Rule 40.5(a)(3) ("[A] case filed by a *pro se* litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case.").

Second, appellant has provided no reasonable basis for questioning the impartiality of the district court judge. Judicial remarks made during the March 28, 2025, hearing in Ayyash v. American Airlines, Inc., No. 1:24-cv-03434 (D.D.C.), do not support a bias or partiality challenge. See Liteky v. United States, 510 U.S. 540, 555-56 (1994) (holding that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality). The judge was not required to recuse herself based on appellant's notice of an imminent lawsuit against her chambers. See Rafferty v. NYNEX Corp., 60 F.3d 844, 848 n.4 (D.C. Cir. 1995) (holding that a party may not "judge-shop" by filing a complaint against a judge); 28 U.S.C. § 455(b)(5)(i). Nor was she required to recuse herself based on her prior affiliation with a law firm that is allegedly associated with a party to this case given that the actions for which appellant seeks redress in this case did not occur while the judge was affiliated with that firm. See 28 U.S.C. § 455(a); Richardson v. D.C. Bar Ass'n, No. 97-7051, unpublished

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-7148**                                      **September Term, 2025**

order at 1 (D.C. Cir. Sept. 3, 1997).  Appellant's other arguments for recusal are based only on adverse judicial rulings, which "almost never constitute a valid basis for a bias or partiality motion."  Liteky, 510 U.S. at 555.

      Finally, the district court did not abuse its discretion in dismissing appellant's complaint, which failed to state a colorable claim.  See Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009).  Appellant failed to state either a plausible fraudulent misrepresentation claim or a fraudulent inducement claim because any allegedly false representation was not made "in reference to a material fact."  See United States ex rel. Yelverton v. Fed. Ins. Co., 831 F.3d 585, 591 (D.C. Cir. 2016) (setting forth elements of a fraudulent misrepresentation claim); In re APA Assessment Fee Litig., 766 F.3d 39, 55 (D.C. Cir. 2014) (same for fraudulent inducement).  Appellant failed to state a plausible abuse of process claim because the use of process to seek to avoid entry of default and to move for dismissal are not improper uses of judicial process.  See Scott v. District of Columbia, 101 F.3d 748, 755-56 (D.C. Cir.1996).  The appellant's complaint is dismissed without prejudice.  See Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006) (discussing the high standard for dismissal with prejudice).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Selena R. Gancasz
Deputy Clerk