# IN THE UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| TALA JOSEPHANO, Plaintiff–Appellant, | ) ) | No. 25-7148 |
| V. | ) | |
| AMERICAN AIRLINES INC., and | ) | |
| MICAH E. TICATCH, Defendants–Appellees. | ) ) | |
| _____ | ) | |

RECEIVED
FEB 0 9 2026
UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

## NOTICE REGARDING REHEARING AND RECORD OF ERROR

Appellant, pro se, elects not to seek panel rehearing or rehearing en banc to conserve judicial resources and her limited capacity, as the dismissal without prejudice permits district court refiling.

## 1. Preservation of Record

Appellant does not waive structural and impartiality challenges under 28 U.S.C. §455(a) by forgoing rehearing, as this appeal targeted those errors—not Rule 12(b)(6) pleading sufficiency

## 2. Case assignment

Appellant preserves her position that a later-filed case ( this case), initially randomly assigned to Judge Walton, was subsequently manually reassigned to Judge Reyes as 'related' despite the absence of the factual or transactional overlap required by LCvR 40.5(a).

The case manager of the other case ( 1:24-cv-03434) did Override of LCvR 40.5 by requesting the case personally to be routed to the sane judge, but wasn't sent back by a member of Judge Walton staff. Same Case manager ( Paterson) who failed to send the Migstrate form, turned off notification of Appellant the day Appellee American Airlines submitted their motion to dismiss, delayed posting service proof till after Gulf Air obtained their DOT authorization, and delayed the docketing of Appellee multiple times.

 The reassignment bypassed automatic routing: executed by a Paterson who was accused of negligence and favoritism to the Appellees  days post-filing after defendant became notified ( Appellee claimed her found it on the dockets when it), skipping Calendar Committee's "good cause" review under LCvR 40.5(c)(2)

Panel deemed reassignment "proper under Local Civil Rule 40.5" based on LCvR 40.5(a)(3), without addressing the limiting criteria set forth in LCvR 40.5(a) and the 'good cause' review described in LCvR 40.5(c)(2). Staff override of random

assignment, combined with other irregularities, created §455(a) appearance of partiality. Appellant maintains that the record reflects Judge Reyes's prior partnership at Williams & Connolly, a firm that has continuously represented American Airlines, as documented in the recusal notice filed in Case No. 1:24-cv-03434.

Such irregularities Staff routing of factually distinct pro se cases to one judge undermines assignment neutrality and public confidence in randomization

### 3. Lost Mail Incident

Appeal-critical documents (money order, filings) left in the courtroom were misplaced and unprocessed; case manager Scott later found them and left a confirming message. Similar delays affected related district filings. This constant mail loss in court and out the court when it is related to Appellees is not normal or one instance, it caused frustration and prevented timely docketing of Appellant's submissions (not first instance against this defendant in district/appeal courts) while defendants' filings proceeded uninterrupted—creating pro se disadvantage in tight deadlines and evidencing non-neutral handling

## 4. Judicial Service Overreach

The judge declared on-record during an unrelated hearing: "Mr. Ticatch, you've officially been served. I just served you" (re: unserved complaint, Case No. 1:25-cv-0753)—plus later presiding—raises §455(a) structural partiality. A Role-Blurring Under §455(a). Judge's service declaration crossed from case management into litigant role—implicating objective impartiality standard and federal proceedings' public confidence

Judge stated: "**Mr. Ticatch, you've officially been served. I just served you. Will you please file a motion**"—after calling unserved complaint "**no basis**," pre-jurisdiction—unaddressed by panel

Opposition/Statement of Issues framed appeal as FRCP 4/Due Process violation via pre-jurisdiction service declaration and dismissal push (Case No. 1:25-cv-0753)—not pleading sufficiency. The judge serving one Defendant is not mere "expression of impatience" or "annoyance" within Liteky's safe harbor. It is the judge exercising a party's core function—service under Rule 4—inside a different case's hearing, pre-judging the merits of the complaint, and instructing opposing counsel to respond, all while later presiding over that separate case and ruling on recusal and reassignment.

This conduct was not addressed in the panel's summary affirmance order,  Instead, it frames Appellant's recusal argument as based solely on "judicial remarks made

during the March 28, 2025 hearing" and adverse rulings, citing Liteky v. United States, 510 U.S. 540 (1994), and an "imminent lawsuit" against chambers, citing Rafferty v. NYNEX Corp., 60 F.3d 844, 848 n.4 (D.C. Cir. 1995). This mischaracterizes the challenge.

The issue is not **tone**; it is judicial **role reversal** and structural impartiality failure under 28 U.S.C. §455(a).

This sequence crossed from judicial case management into litigant role assumption—implicating §455(a)'s objective appearance-of-impartiality standard Additionally **the** Judge directed defense counsel and exercised discretion without equivalent guidance to pro se Appellant on amendment/options—not expected help, but clear imbalance and patronizing tone toward pro se versus counsel created §455(a) partiality appearance.

This procedural assistance disparity—favoring defense response facilitation over pro se consideration—contributes to §455(a) partiality appearance

### 5. Cumulative Conduct and Appearance of Partiality

These irregularities, viewed cumulatively—not isolation—create §455(a) appearance of non-neutral procedural application

Appellant further preserves that, independent of the district judge's on-record attempt to effect service on an Appellee during the March 28, 2025 hearing, the

hearing transcript reflects repeated statements invoking 'my special,' 'my unique,' or 'my local rules' to justify departures from or overrides of the Federal Rules of Civil Procedure. Appellant preserves that these statements evidence a misapplication of governing federal procedural rules and are relevant to the cumulative § 455(a) appearance-of-impartiality and structural-error analysis

In the other proceeding, the same judge dismissed Appellant's claims but allowed defendants' filings without equivalent scrutiny—reinforcing §455(a) reasonable-observer doubt and Canon 3 impartiality principles

## 6. Unaddressed Structural Errors

Panel ignored Clerk's failure to provide mandatory FRCP 73/28 U.S.C. §636(c) magistrate consent form—reinforcing appearance that all Appellant's matters stayed with same judge

Panel ignored district court's delay of reassignment/recusal rulings until after appellees' dispositive motion—further compounding §455(a) partiality appearance

## 7. Appellant's Appeal

Appellant did not appeal the plausibility of her fraud allegations but instead elected to stand on the complaint solely to preserve review of the structural impartiality issues. The judge comments of the claim " has no basis " before it was served on Defendants and before motion to dismiss was filed , was not a comment on fixable

pleading defects, where facts are assumed true and amendment allowed under Rule 12(b)(6) per *Iqbal*(556 U.S. 662, 678 (2009)); it prejudged the claims meritless on substance, bypassing the neutral gatekeeping role and pro se leniency for amendment.

## 8. Whether a reasonable and fully informed observer, apprised of all relevant facts, would question the Court's impartiality under 28 U.S.C. § 455(a).

Including reading the hearing transcript, or hearing the transcript a reasonable and informed observer would question the appearance of impartiality where:

1. A self-represented litigant asserting airline-related claims was assigned to a judge with a longstanding professional affiliation with the airline's law firm.

2. No mandatory consent was obtained or provided under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) for magistrate judge jurisdiction.

3. A subsequently filed case was initially randomly assigned to a different judge, but was later manually reassigned as a "related case" through staff action, rather than through automatic case-routing procedures or reassignment by the newly assigned judge.

4. In a hearing conducted in a separate matter, the Court sua sponte declared defense counsel "served," directed the filing of a responsive motion, and characterized an unserved complaint as having "no basis," notwithstanding the absence of service, jurisdiction, or adversarial testing.

5. The Court applied incorrect Federal Rules of Civil Procedure in a manner favorable to the Appellee, expressly stating that it would apply its "own, unique, special rules," thereby overriding governing federal procedural rules.

6. The Court dismissed a separate case involving the same Appellee for failure to state a claim in the absence of any pending motion to dismiss under Rule 12(b)(6).

7. The Court repeatedly exercised its discretion in a manner favorable to the appellee, including dismissal of a separate action involving the same party.

8. While a motion for reassignment was pending, the Court delayed ruling on that motion and permitted the defendant to file a motion to dismiss, creating the appearance that substantive proceedings continued before resolution of the impartiality challenge.

Taken cumulatively, along with the "tone and threats to Pro Se" these circumstances would lead a reasonable and informed observer to question whether the Court maintained a neutral judicial role, or instead impermissibly prejudged the merits or created an appearance of partiality, in violation of 28 U.S.C. § 455(a).

Finally to avoid any potential mischaracterization of the scope of the Court's summary affirmance, Appellant preserves the position that the affirmance does not constitute an adjudication or endorsement of Appellees' res judicata or

claim-splitting theories, which were neither necessary to the judgment nor expressly addressed in the Court's non-precedential order.

This Notice clarifies Appellant's rehearing election and preserves the record.

Respectfully submitted,

February 8, 2026

*Pro Se Appellant* Tala Josephano

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,**

**TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

I hereby certify, on Feb 8 2026, that:

1. This document complies with the word limit because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1378 words.

2. This document complies with the typeface requirements because this document was prepared in a proportionally spaced typeface using Doc word in a 14-point Times New Roman font.

Respectfully submitted,

Date : Feb 8 2026

Tala Josephano  Pro Se Appellant

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980

## CERTIFICATE OF SERVICE

I hereby certify that on Feb 8 2026, I caused a true and correct copy of the
foregoing document by First Class U.S. Mail, postage prepaid, addressed as
follows:

1. Edward Lee Isler Counsel for *American Airlines Inc.* and *Micah E. Ticatch*
Isler Dare, P.C.  1945 Old Gallows Road, Suite 650  Vienna, VA 22182  2. Micah
Ephram Ticatch Counsel for *American Airlines Inc.* Isler Dare, P.C.
1945 Old Gallows Road, Suite 650 Vienna, VA 22182

Dated: Feb 8, 2026

Respectfully submitted,

Tala Josephano  Pro Se Appellant

Tala Josephano

1876 PCH

Lomita, CA 90717

(347)749-4980